Filed 4/30/26  P. v. Alarcon CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRES PEDRO ALARCON,<br><br>    Defendant and Appellant. | D085564<br><br><br>(Super. Ct. No. SCE334337) |


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Dismissed.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Andres Pedro Alarcon was sentenced to prison for 18 years after pleading guilty to assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count 2) with various enhancements.

He now appeals the trial court's decision not to take further action on his request for resentencing under Penal Code section 1172.1.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we dismiss the appeal for lack of jurisdiction.

I.

The People argue the court's refusal to act on Alarcon's section 1172.1 resentencing request is not appealable.  We agree.

"The right to appeal is statutory only," so a party cannot appeal an order "unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.)  As relevant here, a criminal defendant may appeal any postjudgment order affecting the defendant's substantial rights.  (§ 1237(b).)

Section 1172.1 authorizes a trial court to recall and resentence a defendant on its own motion or at the recommendation of certain parties.  But a defendant "is not entitled" to seek relief under section 1172.1(c).  If a defendant does, the court "is not required to respond."  (§ 1172.1(c).)

We join other courts that have concluded "defendants do not have a substantial right at stake when they request recall and resentencing" under section 1172.1, so a trial court's decision to not take action on the request is unappealable.  (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045-1046 [collecting cases].)

Alarcon argues the trial court denied his resentencing request on the merits, rendering the order appealable, because it appointed defense counsel, considered the parties' briefs, and heard statements from Alarcon and his supporters before "declin[ing] to take further action and determin[ing] that it will not exercise its discretion to recall the sentence."  Alarcon identifies no published caselaw to support his position.  In his opening brief, Alarcon cites

2

*People v. Chatman* (Feb. 4, 2025) F087868, opn. ordered nonpub. March 3, 2025, but that opinion is not citable and was vacated months earlier. To the extent Alarcon relies on *Loper* and *People v. Carmony* (2004) 33 Cal.4th 367, those cases are distinguishable on this issue for the reasons explained in *People v. Roy* (2025) 110 Cal.App.5th 991, 999-1000.

No matter how it is styled, an order acting on a defendant's section 1172.1 request does not affect the defendant's substantial rights. (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.) As a result, we must dismiss this appeal.

II.

We dismiss the appeal.

CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.

3